```
KAREN P. HEWITT
United States Attorney
BRUCE C. SMITH
Assistant U.S. Attorney
California State Bar No. 078225
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6963
E-mail: bruce.smith@usdoj.gov

Attorneys for Plaintiff
United States of America
```

FILED
2008 JUN 23 PM 12:37
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>$50,000.00 IN U.S. CURRENCY,<br><br>　　　　Defendant. | Civil No. 08 CV 1104 IEG BLM<br><br>EX PARTE MOTION TO APPOINT THE UNITED STATES MARSHAL AS CUSTODIAN AND TO DEPOSIT DEFENDANT IN SEIZED ASSETS DEPOSIT ACCOUNT AND TO SUBSTITUTE THE RES |

COMES NOW the plaintiff, United States of America, and moves this Court for an exception to General Order 273 issued by this Court, that is, for an order appointing the United States Marshal as custodian of the above-described defendant upon execution of the warrant of arrest in rem. In support of this motion, plaintiff states as follows:

　　1.　The United States Marshals Service has been staffed with personnel experienced in providing for the management of properties such as the defendant in this case.

　　2.　The United States Marshal has consented to assume responsibility for the protection, maintenance, and safety of the defendant during the period the same remain in custodia legis.

//

3. The continued custody of the United States Marshal following execution of the warrant of arrest in rem is necessary and in the best interests of the plaintiff in this case.

4. The United States Marshal has established an account, the Seized Assets Deposit Account, for the deposit of seized currency until further order of the Court. It is further requested that the United States Marshal place the defendant currency in the Seized Assets Deposit Account administered by the United States Marshal. In the event any of the defendant currency is ordered to be returned to any claimant, the Court may order the payment of interest thereon. Depositing seized currency in such an account is proper. See, United States v. $57,480.05, 722 F.2d 1457 (9th Cir. 1984) (placing seized cash in bank account was not improper). The account credit of tangible dollars will constitute an appropriate substitute for the original defendant currency (res). Id.

5. It is further requested that all reasonable expenditures incurred by the United States Marshal be a first charge against the defendant.

WHEREFORE, plaintiff respectfully requests that an exception to General Order No. 273 be permitted in this case and that this motion be granted.

DATED: June 23, 2008

KAREN P. HEWITT
United States Attorney

BRUCE C. SMITH
Assistant U.S. Attorney